SUMMARY ORDER
Samba Sinera petitions this Court for review of the August 26, 2008 order of the BIA which denied his application for cancellation of removal pursuant to Section 240A(b) of the Immigration and Nationality Act (“INA”), 8 U.S.C. Section 1229b(b).
According to his Application for Cancellation of Removal, which was filed in Immigration Coui’t, New York, on October 2, 2005, Sinera was born in Gambia. He entered the United States as the holder of a B-2 visa, on February 19, 1992. He was married in 1991, and his wife, who is also a native of Gambia, entered the United States in 1993. The couple have four children, one daughter and three sons, all of whom were born in the United States.
Sinera asserts that he received a Notice to Appear charging him with removability on June 20, 2005. Sinera conceded that he was removable as charged, but applied for cancellation of removal based upon the allegation that his daughter, who was born in 1994, would be subjected to female genital mutilation (“FGM”) should she return to Gambia. Sinera asserts that his fear that this would occur is bolstered by the fact that his wife was subjected to FGM while living in Gambia.
In an oral decision, issued on December 7, 2006, Immigration Judge Barbara A. Nelson (“the IJ”) denied Sinera’s application in the following terms:
The respondent has offered no testimony regarding hardship to her [sic] children other than the possibility that his daughter might be subjected to female genital mutilation. The background material on Gambia indicates that FGM is done fairly commonly in the Gambia but it is less frequent among the educated and urban segments of the population and the government publicly supported efforts to eradicate it and discouraged it through education. The respondent alleges that family members would force the daughter to be subjected to female genital mutilation. The respondent has offered no convincing evidence of this. The Court notes that the respondent has offered nothing to establish that his wife, in fact, went through female genital mutilation. The respondent has not offered statement from his wife, he has not offered her testimony.... The Court finds that he has not established that female genital mutilation is a realistic possibility for his daughter. The Court notes that such evidence should be readily available to the respondent.
The BIA affirmed the IJ’s decision, holding that “[although the respondent’s *662 daughter’s likelihood of undergoing FGM in the future is relevant to hardship, ... there is insufficient evidence to establish that she would suffer the requisite hardship.” The BIA also added that, as a U.S. citizen, Sinera’s daughter was not herself subject to removal, and that she could even stay in the U.S. with Sinera’s wife because “there is no evidence to indicate that she is in proceedings.”
In order to qualify for cancellation from removal, Sinera must establish, inter alia, “that removal would result in exceptional and extremely unusual hardship to the alien’s spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence.” 8 U.S.C. Section 1229b(b)(1)(D). This Court lacks jurisdiction to review “any judgment regarding the granting of relief under ... [8 U.S.C. Section 1229b].” 8 U.S.C. Section 1252(a)(2)(B)(i). While we do retain jurisdiction to consider “constitutional claims or questions of law raised upon a petition for review,” 8 U.S.C. Section 1252(a)(2)(D), where a “petitioner’s challenge is merely an objection to the IJ’s factual findings and the balancing of factors in which discretion was exercised,” this Court lacks jurisdiction to hear the petition. Xiao Ji Chen v. U.S. Dept. of Justice, 471 F.3d 315, 332 (2d Cir.2006).
Sinera raises no constitutional claim and, even reading his brief with an indulgent eye, we cannot see that he has even impliedly raised a question of law. Rather, he merely repeats factual assertions made before the IJ and the BIA, such as pointing to his testimony “that the local government in the Gambia would be ineffective in protecting Sinera’s daughter because they would view the issue [of FGM] as a private family matter” and citing the State Department’s Country Report for evidence that the practice of FGM remains widespread in the country. Accordingly, Sin-era provides no basis for this Court to review the agency’s discretionary determination that he has not met his burden of demonstrating that he should be afforded relief under Section 1229b(b).
For the reasons stated above, the petition for review is hereby DISMISSED.